| JS-6 | UNITED STATES DISTRICT COURT<br>CENTRAL DISTRICT OF CALIFORNIA<br><br>CIVIL MINUTES - GENERAL | Priority ____<br>Send ____<br>Enter ____<br>Closed ____<br>JS-5/JS-6 ____<br>Scan Only ____ |
|---|---|---|

**CASE NO.:** CV 16-01903 SJO            **DATE:** April 29, 2016

**TITLE:** In re John Christopher O'Connor
               USBC Central District of California Los Angeles,
               2:14-bk-15018-RN; 2:15-ap-01426-RN

========================================================================
**PRESENT: THE HONORABLE S. JAMES OTERO, UNITED STATES DISTRICT JUDGE**

Victor Paul Cruz                                 Not Present
Courtroom Clerk                              Court Reporter

**COUNSEL PRESENT FOR PLAINTIFF:**      **COUNSEL PRESENT FOR DEFENDANTS:**

Not Present                                     Not Present

========================================================================
**PROCEEDINGS (in chambers): ORDER DENYING DEFENDANT'S MOTION TO WITHDRAW THE REFERENCE OF ADVERSARY PROCEEDING PER BANKRUPTCY COURT APPROVED STIPULATION WITH DEFENDANTS** [Docket No. 1]

This matter is before the Court on Plaintiff John J. Menchaca ("Plaintiff" or "Trustee"), Chapter 7 Trustee of John Christopher O'Connor ("Debtor") Motion to Withdraw the Reference of Adversary Proceeding Per Bankruptcy Court Approved Stipulation with the Defendants ("Motion"), filed March 20, 2016. None of the defendants named in this action—Katherine L. O'Connor, both individually ("Katherine") and as trustee of the 2009 Three Children Irrevocable Trust ("2009 Trust"), John Christopher O'Connor, as trustee of the John Christopher O'Connor Declaration of Trust ("Revocable Trust"), or Quinton Holdings, LLC ("LLC") (together, "Defendants")—have opposed the Motion. Instead, Plaintiff and Defendants filed an oral stipulation ("Stipulation") as part of adversary proceeding 2:15-ap-01426-RN (the "Adversary Proceeding"), which United States Bankruptcy Judge Richard M. Neiter approved in an order ("Withdrawal Order") dated November 5, 2015 in light of Defendants' demand for a jury trial and non-consent to trial of the Adversary Proceeding in the Article I Bankruptcy Court. (*See* Mot., Ex. 1, ECF No. 1.) In the Withdrawal Order, Judge Neiter ordered Plaintiff to file "a motion for withdrawal of the reference of the entire Adversary Proceeding . . . in accordance with 28 U.S.C. § 157(d)" and further ordered that "matters pertaining to the Adversary Proceeding shall proceed in the District Court unless the Motion is denied." (Mot., Ex. 1.) Judge Neiter also issued an order ("Mediation Order") appointing Magistrate Judge Jay C. Gandhi ("Mediator") to mediate the Adversary Proceeding and also mediate a trailing adversary to revoke the Debtor's discharge. (*See* Mot., Ex. 2.)

The Court found this matter suitable for disposition without oral argument and vacated the hearing set for April 25, 2016. *See* Fed. R. Civ. P. 78(b). For the following reasons, the Court **DENIES** Plaintiff's Motion.

///

**UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES - GENERAL**

CASE NO.: <u>CV 16-01903 SJO</u>                         DATE: <u>April 29, 2016</u>

///
I.    <u>BACKGROUND</u>

On August 10, 2015, Plaintiff filed a Complaint against Defendants asserting causes of action for (1 & 2) avoidance of fraudulent transfers; (3) recovery of avoided transfers; (4) conspiracy to defraud; (5) imposition of a constructive trust; (6) accounting; (7) declaratory judgment quieting title to real properties; (8) turnover; (9) injunctive relief; (10) permission to sell real properties in which a non-debtor asserts an interest; and (11) substantive consolidation of Defendants with the Debtor's estate.  (*See* App'x in Supp. Mot. ("App'x"), Ex. B ("Compl."), ECF No. 3-1.)  Defendants filed their respective answers on September 17, 2015, demanding a jury trial.  (*See generally* App'x, Exs. A, C-F.)  Plaintiff filed a Statement of Non-Consent to a Jury Trial Conducted by the Bankruptcy Court on September 22, 2015.  (App'x, Exs. A, G.)  None of the Defendants have filed a Proof of Claim.  (App'x, Ex. H.)

II.    <u>DISCUSSION</u>

    A.    <u>Legal Standards for Withdrawal</u>

Pursuant to 28 U.S.C. § 157(d) ("Section 157"), a district court has the authority to withdraw reference to the bankruptcy court.  *See* 28 U.S.C. § 157(d).  Section 157(d) provides for both permissive and mandatory withdrawal, depending on the circumstances of the action.  *Id.*  "The district court **may withdraw**, in whole or in part, any case or proceeding referred . . . on its own motion or on timely motion of any party, for cause shown."  *Id.* (emphasis added).  The district court **shall withdraw** if "resolution of the proceeding requires consideration of both title 11 and other laws of the United States regulating organizations or activities affecting interstate commerce."  *Id.*  The party seeking withdrawal carries the "burden of persuasion."  *FTC v. First Alliance Mortg. Co.*, 282 B.R. 894, 902 (C.D. Cal. 2001) (citation omitted).  It is within a district court's discretion to grant or deny a motion for permissive withdrawal of reference; that decision will not be disturbed unless the court abuses its discretion.  *See In re Cinematronics, Inc.*, 916 F.2d 1444, 1451 (9th Cir. 1990).

    B.    <u>Right to Jury Trial in Fraudulent Conveyance Actions</u>

In the page-long argument section of his Motion, Plaintiff contends that "[t]he withdrawal of the reference as to the Adversary Proceeding is appropriate" because the Complaint filed in the Adversary Proceeding alleges in part that Defendants received fraudulent transfers from the Debtor, and that actions to avoid fraudulent transfers require a jury trial by an Article III court.  (*See generally* Mot. 4-5.)

The Court does not write on a blank slate.  In *Granfinanciera, S.A. v. Nordberg*, the United States Supreme Court held that the Seventh Amendment confers upon persons who have not submitted a claim against a bankruptcy estate a right to a jury trial when sued by the trustee in bankruptcy

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

CASE NO.: CV 16-01903 SJO                                DATE: April 29, 2016

to recover an allegedly fraudulent money transfer, notwithstanding Congress's designation of fraudulent conveyance actions as "core proceedings" in Section 157(b)(2)(H) which a non-Article III bankruptcy judge may adjudicate. 492 U.S. 33, 36 (1989). The Supreme Court in *Granfinanciera* expressly declined to consider, however, whether bankruptcy courts may constitutionally conduct such jury trials. *Id.* at 50.

The Ninth Circuit confronted this issue head-on in *In re Healthcentral.com*, ruling that the defendant in that action was entitled to a Seventh Amendment jury trial in the district court. 504 F.3d 775, 786 (9th Cir. 2007). The Ninth Circuit also held, however, that "[a] valid right to a Seventh Amendment jury trial in the district court does not mean the bankruptcy court must instantly give up jurisdiction and that the action must be transferred to the district court. Instead, we hold, the bankruptcy court may retain jurisdiction over the action for pre-trial matters." *Id.* at 788.

The Ninth Circuit elaborated on its decision in *In re Healthcentral.com* in *In re Bellingham Insurance Agency, Inc.*, unequivocally holding that "fraudulent conveyance claims, because they do not fall within the public rights exception, cannot be adjudicated by non-Article III judges." 702 F.3d 553, 561 (9th Cir. 2012). The Ninth Circuit further held, however, that "§ 157(b)(1) provides bankruptcy courts the power to hear fraudulent conveyance cases and to submit reports and recommendations to the district courts. Such cases remain in the core, and the § 157(b)(1) power to 'hear and determine' them authorizes the bankruptcy courts to issue proposed findings of fact and conclusions of law. **Only the power to enter final judgment is abrogated**." *Id.* at 565-66 (emphasis added). Later in the opinion, however, the Ninth Circuit noted that "§ 157(e) permits bankruptcy judges to conduct jury trials 'with the **express** consent of all the parties'." *Id.* at 569 (emphasis in original).

Thus, although bankruptcy courts may not, absent express consent being given by all parties, conduct jury trials or enter final judgments. Bankruptcy courts may, however, hear fraudulent conveyance cases and submit reports and recommendations containing proposed findings of fact and conclusions of law to district courts.

    B.    Permissive Withdrawal

Having determined that withdrawal is not required in order to satisfy the requirements of the Seventh Amendment, the Court now analyzes whether this case presents one of the "limited number of circumstances" in which permissive withdrawal should be permitted. *Hawaiian Airlines, Inc. v. Mesa Air Grp., Inc.*, 355 B.R. 214, 223 (D. Haw. 2006) (citations omitted). The Ninth Circuit has held that "[i]n determining whether cause exists, a district court should consider the efficient use of judicial resources, delay and costs to the parties, uniformity of bankruptcy administration, the prevention of forum shopping, and other related factors." *Sec. Farms v. Int'l Bd. of Teamsters, Chauffers, Warehousemen & Helpers*, 124 F.3d 999, 1008 (9th Cir. 1997).

**CASE NO.:** CV 16-01903 SJO                **DATE:** April 29, 2016

Although Plaintiff does not address any of these factors in its Motion, the Court finds that withdrawal should not be permitted in this case. Although there is no evidence of forum shopping on the part of either Plaintiff or Defendants, the remaining factors all weigh in favor of denying the Motion.

First, with respect to efficiency, the Court concludes that "hearing core matters in a district court could be an inefficient allocation of judicial resources given that the bankruptcy court generally will be more familiar with the facts and issues." *In re Orion Pictures Corp.*, 4 F.3d 1095, 1101 (2d Cir. 1993); *accord In re Molina*, 2010 WL 3516107, at *2 (N.D. Cal. Sept. 8, 2010); *In re Woldrich*, No. 10-1245, 2010 WL 3087487, at *1 (D. Ariz. Aug. 6, 2010). Having the bankruptcy court submit proposed findings of fact and conclusions of law in fraudulent conveyance cases "promotes judicial economy and efficiency by making use of the bankruptcy court's unique knowledge of Title 11 and familiarity with the actions before them." *In re Healthcentral.com*, 504 F.3d at 787-88. Although the Adversary Proceeding has not been pending for a significant amount of time, given the bankruptcy court's familiarity with the parties and the legal issues, the Court finds that it would be more efficient for the bankruptcy court to make decisions in the first instance even though these findings may be subject to de novo review. Any inefficiencies, including delays and costs, are outweighed by efficiencies gained in leaving the proceeding in bankruptcy court.

The Court also finds that the uniformity of bankruptcy administration favors denying the Motion. The claims presented in the Complaint seek to avoid and recover fraudulent transfers undertaken as party of a conspiracy to "defraud the Creditors of the Debtor." (Compl. ¶¶ 43, 45.) Therefore, these fraudulent conveyance claims arise under federal bankruptcy law and would not exist absent the bankruptcy proceeding. *See* 11 U.S.C. §§ 544 & 548.

On balance, the Court finds that permissive withdrawal is not appropriate in this case, and accordingly **DENIES** the Motion and remands this case back to the Bankruptcy Court for all pretrial matters.

III.    <u>RULING</u>

For the foregoing reasons, the Court **DENIES** Plaintiff's Motion to Withdraw the Reference of Adversary Proceeding Per Bankruptcy Court Approved Stipulation with the Defendants. This case is hereby remanded to the Bankruptcy Court for all pretrial matters.