Wesley H. Avery, Esq. CLS-B (SBN 155724)
Lucy Mavyan, Esq. (SBN 260811)
**LAW OFFICES OF WESLEY H. AVERY, APC**
758 E. Colorado Blvd., Ste. 210
Pasadena, CA 91102-2105
Telephone No. (323) 724-3117
FAX No. (323) 724-5410

Attorney for Plaintiff Attorney for John J. Menchaca, Chapter 7 Trustee

*Fortis est veritas*

**UNITED STATES BANKRUPTCY COURT**

**CENTRAL DISTRICT OF CALIFORNIA, LOS ANGELES DIVISION**

| | |
|---|---|
| In re<br><br>JOHN CHRISTOPHER O'CONNOR, an individual,<br><br>Debtor.<br><br>SSN / ITIN: xxx-xx-8785<br><br>JOHN J. MENCHACA, Chapter 7 Trustee of John Christopher O'Connor,<br><br>Plaintiff,<br><br>v.<br><br>KATHERINE L. O'CONNOR, an individual; JOHN CHRISTOPHER O'CONNOR, AS TRUSTEE OF THE JOHN CHRISTOPHER O'CONNOR DECLARATION OF TRUST DATED JANUARY 20, 2004; KATHERINE L. O'CONNOR, AS TRUSTEE OF THE 2009 THREE CHILDREN IRREVOCABLE TRUST; QUINTON HOLDINGS, LLC, A CALIFORNIA LIMITED LIABILITY COMPANY; and Does 1-20,<br>Defendants. | Case No. 2:14-bk-15018-BR<br>Chapter 7<br>Adv. No.2:15-ap-01426-BR<br><br>**MOTION FOR SUMMARY JUDGMENT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF** [Fed. R. Civ. P. 52 and 56; Loc. Bankr. R. 7056-1(b)(1)]<br><br>Date:  [To be set]<br>Time:  [To be set]<br>Place: U.S. Courthouse<br>         Courtroom 1668<br>         255 E. Temple Street<br>         Los Angeles, CA 90012 |

**TO THE HONORABLE BARRY RUSSELL, UNITED STATES BANKRUPTCY JUDGE, AND TO THE ABOVE-CAPTIONED DEFENDANTS:**

COMES NOW John J. Menchaca, the duly appointed and acting chapter 7 trustee (the "Trustee" or "Plaintiff"[1]), for the bankruptcy estate (the "Estate") of John Christopher O'Connor, an individual (the "Debtor"), who hereby moves (the "Motion") for the entry of summary judgment or, in the alternative, Summary Adjudication of Issues, against the above-captioned defendants, and each of them.

By the instant adversary proceeding (the "Adversary Proceeding"), the Trustee seeks to avoid the transfers of: (i) a single family residence in Manhattan Beach, (ii) a quadplex and (iii) a commercial building in which the tenant is a Wendy's through 11 U.S.C. §§ ("Sections") 105(a), 544(b) and/or 548(e). In summary, the Motion establishes the following:

1. The Debtor was either insolvent when the transfers were made or became insolvent as a result of the transfers.

2. The Debtor's revocable trust is a self-settled trust or similar device and the Debtor is a beneficiary thereof as required by Bankruptcy Code Sections 548(e)(1)(A) and (C).

3. The Debtor received less than reasonably equivalent value in exchange for the transfers. The fact that multiple wild deeds were recorded is further evidence of fraud.

4. The Debtor had debts or should have reasonably believed that the Debtor would incur debtors that would be beyond the Debtor's ability to pay as they matured between the period when the transfers were made by the Debtor and the petition date.

5. When the Debtor made the transfers, the Debtor was engaged or was about to engage in business or a transaction for which any property remaining with the Debtor was an unreasonably small capital from the date of the transfers through the petition date.

6. The affairs of the Debtor have been so entangled that consolidation will benefit all creditors.

---

[1] All initially capitalized terms not otherwise defined herein shall have that meaning stated in the Proposed Statement of Uncontroverted Facts and Conclusions of Law served, filed and lodged separately herein (the "UF").

1     **WHEREFORE**, the Trustee respectfully requests that the Motion be granted and the three
2 subject properties returned to the Estate.

3 DATED: June 14, 2017                      **LAW OFFICES OF WESLEY H. AVERY, APC**

By: /s/ Wesley H. Avery
Wesley H. Avery
Lucy Mavyan
Attorneys for Plaintiff John J. Menchaca,
Chapter 7 Bankruptcy Trustee

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.**

**FACTUAL SUMMARY**

The Trustee refers the Court to the Proposed Statement of Facts and Conclusions of Law filed and lodged separately herein. However, the Trustee would like to point out that almost all of the classic "badges of fraud" codified at Cal. Civ. Code § 3439.04(b) are present *sub judice*:

1.    The Transfers of the PROPERTIES to the Defendants were to insiders of the Debtor. See UF 68. Cf. Cal. Civ. Code § 3439.04(b)(1).

2.    The Debtor retained possession of the PROPERTIES after the Transfers. UF 69. Cf. Cal. Civ. Code § 3439.04(b)(2). See Allen v. Massey, 84 U.S. (17 Wall.) 351 (1872) (joint possession of furniture by transferor and transferee considered in holding transfer to be voidable).

3.    The Transfers were concealed as the PROPERTIES were omitted from the Statement of Affairs. UF 25. Cf. Cal. Civ. Code § 3439.04(b)(3).

4.    The Transfers were made as the Creditors went unpaid. UF 26 and 60. Cf. Cal. Civ. Code § 3439.04(b)(4).

5.    The Transfers constituted substantially all or all of the Debtor's assets. UF 61 and 71. Cf. Cal. Civ. Code § 3439.04(b)(5).

6.    The Debtor absconded after the Transfers. UF 72 and 73. Cf. Cal. Civ. Code § 3439.04(b)(7). See generally In re Thomas, 199 F. 214 (N.D.N.Y. 1912) (when debtor collected all of his money and property with the intent to abscond, intent to hinder, delay, or defraud creditors was held to be shown).

7.    The Debtor concealed his interest in the PROPERTIES (and the rents of the Quadplex and the Commercial Building) by not listing them in his Schedules and/or Statement of Affairs. UF 25. Cf. Cal. Civ. Code § 3439.04(b)(7).

8.    The Debtor received no consideration for the Transfers. UF 62-65 and 74. Cf. Cal. Civ. Code § 3439.04(b)(8).

9.    The Debtor was insolvent at the time of the Transfers. UF 75 and 77. Cf. Cal. Civ.

Code § 3439.04(b)(9).

10. The Transfers were made by the Debtor shortly before or shortly after a substantial debt was incurred. UF 70 and 76. Cf. Cal. Civ. Code § 3439.04(b)(10).

## II.

## ARGUMENT

**A.    A Party is entitled to Summary Judgment When there is No Genuine Issue of Material Fact.**

Pursuant to Rule 56 of the Federal Rules of Civil Procedure ("FRCP"), summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits show that there is no genuine issue as to any material fact," and the "moving party is entitled to judgment as a matter of law." FRCP Rule 56(c).

A party moving for summary judgment under Rule 56 need not negate its opponent's claim; rather the moving party need only point to the absence of a genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 323, 106 S.Ct. 2548 (1986). Once the moving party has met this initial burden, the burden shifts to the opposing party to present specific facts demonstrating that a genuine issue of material fact exists for trial. Id. at 324. An issue is "genuine" only if there is a sufficient evidentiary basis on which a reasonable trier of fact could find for the non-moving party. A factual dispute is "material" only if it might affect the outcome of the proceeding under applicable law. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249, 106 S.Ct. 2505 (1986). As the United States Supreme Court has stated: "The issue of fact must be 'genuine.' When the moving party has carried its burden under Rule 56 (c), its opponent must do something more than simply show that there is some metaphysical doubt as to the material facts." Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586, 106 S.Ct. 1348 (1986).

Moreover, the evidence presented in opposition to the motion must be sufficient to support a verdict in the non-movant's favor (i.e., sufficient to survive a motion for directed verdict at the close of evidence). Anderson, supra, 477 U.S. at 249, 106 S.Ct. at 2510 (1986); In re Hibbs, 161

B.R. 259, 264 (Bankr. C.D. Cal. 1993). The mere existence of a scintilla of evidence in support of the opposing party's position will be insufficient to overcome summary judgment. Anderson, *supra,* 477 U.S. at 252, 254, 106 S. Ct. at 2512-2513. "The party opposing summary judgment may not do so based on 'mere allegations.'" In re Rothery, 143 F.3d 546, 549 (9th Cir. 1998). Rather, the "adverse party's response, by affidavits or otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial." In re Rothery, 211 B.R. 929, 935 (B.A.P. 9th Cir. 1997), rev'd on other grounds, 143 F. 3d 546 (9th Cir. 1998). FRCP Rule 56(d) further provides in pertinent part:

> "If on motion under this rule judgment is not rendered upon the whole case or for all of the relief asked…, the court at the hearing on the motion, by examining the pleadings and evidence before it and by interrogating counsel, shall if practicable ascertain what material facts exist without substantial controversy and what material facts are actually and in good faith controverted. It shall thereupon make controversy, including the extent to which the amount of damages or other relief is not in controversy and directing such further proceedings in the action as are just."

Based on the undisputed record before the Court the Plaintiff is entitled to summary judgment herein against the Defendants.

**B.    The Recital of No Consideration for the Transfer on the Face of the Grant Deed is Conclusive under California Law.**

Under California law, a grantor is judicially estopped from denying the terms of a grant deed signed and delivered by the grantor to the grantee. As such, the 16 grant deeds and wild deeds referenced herein that state that the Transfers of the Properties were made for no consideration are conclusive. See Tartar v. Hall, 3 Cal. 263, 266 (1853). See also Cal. Evid. Code §§ 620, 622 and 623.

**C. The Trustee Is Entitled to Summary Judgment to Avoid the Transfers as a Matter of Law.**

    **1. The 544(b) Transfers of the PROPERTIES to the Defendants are Avoidable.**

Within seven years prior to the Petition Date, the Debtor made the 544(b) Transfers of the PROPERTIES to the Defendants with the actual intent to hinder, delay, or defraud any creditor of the Debtor. UF 79. The 544(b) Transfers to the Defendants are avoidable under Section 544(b) and Cal. Civ. Code §§ 3439.04(a)(1) and 3439.07-09. See Kaisha v. Dodson, 423 BR 888, 901-903 (N.D. Cal. 2010) (debtor's surreptitious sale of corporate shares to former girlfriend for no consideration in the shadow of a creditor's lawsuit was an intentional fraudulent transfer.) See also In re Acequia, Inc., 34 F.3d 800, 806 (9th Cir. 1994).

    **2. The 548(e) Transfers of the PROPERTIES to the Defendants are Avoidable.**

Within ten years prior to the Petition Date, the Debtor made the 548(e) Transfers to the Defendants with the actual intent to hinder, delay, or defraud any creditor of the Debtor. UF 80. Prior to the 8/16/05 SFR Transfer and other Transfers outlined above having been made, the Debtor executed his Revocable Trust on January 20, 2004. The provisions of the Revocable Trust state that the Debtor is the trustee and settlor, that he is entitled to be distributed as much of the trust estate as he demands, and that he retains the right to amend or revoke the trust and receive the assets thereof. The trust also contains spendthrift provisions which state that no interest in the principal or income of any trust created under this instrument shall be anticipated, assigned, encumbered or subject to creditor's claim or legal process, prior to its actual receipt by the beneficiary. A review of the Revocable Trust, Section 548(e)(l), California Probate Code Section 15304 and applicable case law reveals that the Debtor's Revocable Trust qualifies as a self-settled trust or similar device of the Debtor and the Debtor is a beneficiary thereof as required by Bankruptcy Code Sections 548(e)(l)(A) and (C). UF 80.

As was discussed in the reported decision In re Cutter, 398 B.R. 6, at 20-21 (9th Cir. BAP 2008):

> To the extent Debtor was the trustor and beneficiary of the Trust, it is a self- settled trust....As the Ninth Circuit observed in Moses, citing California Probate Code

> section 15304(a), 'under California law, a settlor of a spendthrift trust cannot also act as beneficiary of that trust (i.e., California law prohibits 'self- settled trusts).' Id . 'California law voids self-settled trusts to prevent individuals from placing their property beyond the reach of their creditors while at the same time sti ll reaping the bounties of such property. ' Id, citing Nelson v. California Trust Co., 33 Cal. 2d 501 , 202 P.2d 1021 (Cal. 1949).

Collier on Bankruptcy, Sixteenth Edition, Section 548.07, P 548.07 n4, also provides in relevant part that:

> Under the Restatement of Trusts, a self-settled trust is a trust created by a person for his or her own benefit with a provision restraining the voluntary or involuntary transfer of person's interest, so the Restatement provides that such trust can be pierced by the person's creditors....

As set forth in Cal. Prob. Code Section l 5304(a), if the settlor of a trust is also a beneficiary of a trust, then the assets that the settlor has retained a benefit in will not be protected by the trust's spendthrift clause. This is known as the prohibition against self-settled trusts. As long as the settlor is a beneficiary of the trust, to that extent the trust will be deemed self-settled. The prohibition against self-settled trusts in California is well-settled. See Cal. Prob. Code Section 15304(b).

    **3.**    **The PROPERTIES May be Recovered by the Plaintiff under Section 550(a)**.

If the Transfers are avoided, Plaintiff is entitled to recover from the Defendants the PROPERTIES for the benefit of the Estate. 11 U.S.C. § 550(a). Any immediate or mediate subsequent transfers of the PROPERTIES among the Defendants may also be avoided and recovered as they were not for value, not in good faith, and with knowledge of the voidability of the Transfers.

**D.**    **The Defendants Should be Substantively Consolidated with the Debtor.**

The bankruptcy court's power of substantive consolidation has been considered part of the bankruptcy court's general equitable powers since the passage of the Bankruptcy Act of 1898, and at present, its power derives from the Court's general equity powers as expressed in Section 105(a). In re Bonham, 229 F.3d 750, 763-64 (9th Cir. 2000); S.I. Acquisition, Inc. v. Eastway Delivery Serv., Inc. (In re S.I. Acquisition, Inc.), 817 F.2d 1142, 1145 n. 2 (5th Cir. 1987.)  See also In re

1  Owner Management, 530 B.R. 711 (Bankr. C.D. Cal. 2015) (family members of the debtor may be
2  substantively consolidated into the debtor's estate). Further, The Ninth Circuit has adopted the test
3  for substantive consolidation which was established by the Second Circuit and which requires the
4  consideration of the following two factors: "(1) whether creditors dealt with the entities as a single
5  economic unit and did not rely on their separate identity in extending credit; or (2) whether the
6  affairs of the debtor are so entangled that consolidation will benefit all creditors." 229 F.3d. at 766
7  (citing Augie/Restivo, 860 F.2d at 518). In the present case, the affairs of the Debtor and the
8  Defendants are so entangled that consolidation will benefit all creditors. Further, the Creditors have
9  treated the Defendants and the Debtor as one and the same. The time and expense necessary to even
10 attempt to obtain, review and unscramble the Debtor's affairs is so substantial as to threaten the
11 realization of any net assets for all of the creditors. Creditors of the Debtor would realize a
12 significant benefit from consolidation of the Defendants with the Debtor's case through recoveries
13 of assets from assets of the Defendants and potential avoidable transfers, compared to the potential
14 harm to creditors, if any. Thus, pursuant to this Court's powers to substantively consolidate, the
15 Court hereby determines that the Defendants and the assets and liabilities of the Defendants should
16 be ordered substantively consolidated with those of the bankruptcy estate of the Debtor. UF 81.

**E.  Plaintiff is entitled to an Accounting from the Defendants.**

The Defendants have received income and other benefits from the PROPERTIES. UF 24. Given that the Defendants obtained possession of the Properties and proceeds therefrom by wrongful conduct as alleged above, equity dictates that they are not entitled to profit or otherwise benefit from their wrongful conduct. As the rightful owner of the PROPERTIES, the Estate is entitled to be paid by the Defendants any net rental and other income they have received as a result of their wrongful possession of the Property. However, the full amount of rental and other income that the Defendants has received is unknown to Plaintiff and cannot be ascertained without an accounting of the net rental and other income they have collected. An accounting by the Defendants is therefore required to ascertain the net rental and other income the Defendants have received, and Plaintiff is entitled to an order directing the Defendants to turn over to Plaintiff any

income and other financial benefit they have received.

## III.

## CONCLUSION

The evidence and argument proffered by this Motion confirm that the Debtor and the Defendants were engaged in a blatant scheme to defraud their Creditors through the Transfers over the course of many years.[2] The Transfers should be avoided and the Properties administered for the benefit of the Estate.

DATED: June 14, 2017

LAW OFFICES OF WESLEY H. AVERY, APC

By: *signature*
Wesley H. Avery, Esq.
Lucy Mavyan, Esq.
Attorneys for Plaintiff John J. Menchaca,
Chapter 7 Bankruptcy Trustee

---

[2] "Let me have no lying. It becomes nothing but tradesmen…" W. Shakespeare, The Winter's Tale, Act IV, Scene 4, Lines 725-6 (upon the departure of the King, the pickpocket Autolycus lectures the clown and the shepherd on morality).

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is:

758 E. Colorado Blvd., Suite 210, Pasadena, CA 91101

A true and correct copy of the foregoing document entitled (*specify*): **Motion for Summary Judgment; Memorandum of Points and Authorities In Support Thereof** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1**.  **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:  Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) June 14, 2017 I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

- **Robert S Altagen**     rsaink@earthlink.net
- **Wesley H Avery**     wavery@thebankruptcylawcenter.com, lucy@averytrustee.com
- **William H Brownstein**     Brownsteinlaw.bill@gmail.com
- **John J Menchaca (TR)**     jmenchaca@menchacacpa.com, ca87@ecfcbis.com;igaeta@menchacacpa.com
- **United States Trustee (LA)**     ustpregion16.la.ecf@usdoj.gov

☐ Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL**:
On June 14, 2017, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

Honorable Barry Russell
United States Bankruptcy Judge
255 E. Temple Street, Suite 1660
Los Angeles, CA 90012

Defendants Katherine L. O'Connor, an individual; John Christopher O'Connor, as Trustee of the John Christopher O'Connor Declaration of Trust dated January 20, 2004; Katherine L. O'Connor, as Trustee of the 2009 Three Children Irrevocable Trust; Quinton Holdings, LLC, a California LLC
661 Porter Lane
Hermosa Beach, CA 90254

☐ Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served):  Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) _____, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| June 14, 2017 | Lucy Mavyan | /s/ Lucy Mavyan |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012* **F 9013-3.1.PROOF.SERVICE**