| | |
|---|---|
| 1 | Wesley H. Avery, Esq. CLS-B (SBN 155724) |
| 2 | Lucy Mavyan, Esq. (SBN 260811) |
|   | **LAW OFFICES OF WESLEY H. AVERY, APC** |
| 3 | 758 E. Colorado Blvd., Ste. 210 |
| 4 | Pasadena, CA 91102-2105 |
|   | Telephone No. (323) 724-3117 |
| 5 | FAX No. (323) 724-5410 |
| 6 | |
| 7 | Attorney for Plaintiff John J. Menchaca, Chapter 7 Trustee |
|   | *Fortis est veritas* |
| 8 | |

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA, LOS ANGELES DIVISION

| | |
|---|---|
| In re | Case No. 2:16-CV-01903-SJO |
| JOHN CHRISTOPHER O'CONNOR, an individual, | Bankr. Case No. 2:14-bk-15018-BR |
| | Bankr. Adv. No.2:15-ap-01426-BR |
| | Chapter 7 |
| Debtor. | |
| | **TRUSTEE PLAINTIFF'S REPLY TO THE OPPOSITION OF SOME OF THE DEFENDANTS TO THE TRUSTEE'S MOTION FOR SUMMARY JUDGMENT; MEMORANDUM OF POINTS AND AUTHORITIES THEREOF [Fed. R. Civ. P. 56 and C.D. Cal. 56]** |
| JOHN J. MENCHACA, Chapter 7 Trustee of John Christopher O'Connor, | |
| Plaintiff, | |
| v. | |
| KATHERINE L. O'CONNOR, an individual; JOHN CHRISTOPHER O'CONNOR, AS TRUSTEE OF THE JOHN CHRISTOPHER O'CONNOR DECLARATION OF TRUST DATED JANUARY 20, 2004; KATHERINE L. O'CONNOR, AS TRUSTEE OF THE 2009 THREE CHILDREN IRREVOCABLE TRUST, et al., | **[Filed concurrently with the Plaintiff's Evidentiary Objection]** |
| | Date: [To be set] |
| | Time: [To be set] |
| | Place: U.S. Courthouse |
| | Courtroom 10C |
| | 350 W. 1st Street |
| | Los Angeles, CA 90012 |
| Defendants. | |

**TO THE HONORABLE S. JAMES OTERO, DISTRICT COURT JUDGE, AND TO THE DEFENDANTS:**

COMES NOW plaintiff John J. Menchaca, the duly appointed and acting chapter 7 trustee (the "Trustee" or "Plaintiff"[1]), for the bankruptcy estate (the "Estate") of John Christopher O'Connor, an individual (the "Debtor"), who herein replies to the following 3 documents filed by three of the four Defendants[2] to the Plaintiff's Motion (the "Motion") for the Entry of Summary Judgment or, in the alternative, Summary Adjudication of Issues: (i) the opposition filed as document # 28 (the "Opposition") in the instant Case No. 2:16-CV-01903-SJO; (ii) the Declaration of Katherine L. O'Connor filed as document # 29 (the "Declaration"); and (iii) the Defendants' Statement of Genuine Disputes of Material Fact filed as document # 30 (the "SGDMF").

To begin with, the Court should note that the Defendants have filed no objections to any of the evidence presented by the Plaintiff. On the other hand, Plaintiff has filed an Evidentiary Objection separately herein to the Declaration based on FRE 613, as during her deposition defendant Katherine O'Connor ("Katherine") repeatedly answered "I do not know" to Plaintiff's basic questions such as (i) Who owns your residence?; (ii) Who owns the Quadplex?; (iii) Who owns the Commercial Building?; (iv) When did you marry the Debtor?; and (v) Can you identify the Debtor's signature?[3]. The gravamen of the Declaration is that the Transfers of the Properties to the 2009 Trust were done for estate planning

---

[1] All initially capitalized terms not otherwise defined herein shall have that meaning stated in the Proposed Statement of Uncontroverted Facts and Conclusions of Law served, filed and lodged separately herein (the "UF").

[2] Defendant the Revocable Trust has filed no responsive papers to Plaintiff's Motion for Summary Judgment.

[3] See, e.g. Document 23-7 at 9:6-23, 17:4-18 and 19:21-20:16. At one point during the deposition, however, Katherine O'Connor let her guard down and answered truthfully that the Debtor is the owner of the Quadplex and the Commercial Building. Id. at 14:9-16.

2

purposes.[4]  However, during her deposition defendant Katherine plainly testified that: (i) she did not know who owns the Properties and has never asked her husband the Debtor who owns the Properties; [5] (ii) <u>in direct contradiction to her Declaration, Katherine does not know why her Residence was transferred to the 2009 Trust;</u>[6] (iii) she has never heard of the Revocable Trust even though according to her Declaration Katherine and the Debtor met with an estate planning attorney;[7] and (iv) (iv) she has no specific recollection of any business dealings concerning the Properties with her husband the Debtor.[8]

As for the Opposition, it surprisingly raises but one issue: that the claims of the Plaintiff are time-barred (even though some are equitable).  That such a bald argument would be first posed three (3) years after the filing of the instant adversary proceeding gives a clue as to this legal theory's validity.  In any event, and as discussed in the attached Memorandum of Points and Authorities, <u>EDP Inves. Co., LLC</u>, 523 B.R. 680 (9th Cir. Bankr. 2015), the only case authority cited by the Defendants, in fact supports the proposition that the Plaintiff's claims which were brought within 5 years of the Petition Date are timely under the Cal. Civ. Code § 3439.09 7-year statute of limitations.

Finally, the SGDMF is defective on its face as it makes no citations to any evidence.[9]  The party opposing summary judgment must direct the Court's attention to specific, triable facts by *"citing to particular parts* of materials in the record." FRCP 56(c)(1)(A) (emphasis added). See <u>Christian Legal Society Chapter of Univ. of Calif. v. Wu</u>, 626 F3d 483, 488 (9th Cir. 2010).

---

[4] <u>See</u> Declaration at 2:10-25.
[5] <u>See</u> Document 23-7 at 16:22-17:18
[6] <u>Id.</u> at 28:7-15.
[7] <u>Id.</u> at 21:7-12.
[8] <u>Id.</u> at 26:19-28:15.  This final dissembling statement by Katherine led to the suspension of her deposition. <u>Id.</u> at 28:21-30:10.

1     Even though the Motion was filed in the Bankruptcy Court a year ago, until June 18, 2018 the Defendants had done absolutely nothing to oppose it. Even now, the Revocable Trust has still done nothing. Their primary legal strategy has always been one of delay and obfuscation -- the Defendants have never conducted any discovery, and have opposed Plaintiff's discovery with a hide the ball strategy. The papers filed by the Defendants in opposition to the Motion are further evidence of that strategy—without any evidentiary basis or legal merit, they are a fruitless attempt to get the Court to do their work for them.

    **WHEREFORE**, Plaintiff respectfully requests that the Opposition be overruled and the Motion granted.

DATED: July 6, 2018      **LAW OFFICES OF WESLEY H. AVERY, APC**

By: _/s/ Wesley H. Avery_
Wesley H. Avery
Lucy Mavyan
Attorneys for Plaintiff John J. Menchaca,
Chapter 7 Bankruptcy Trustee

---

[9] See SGDMF at 4-8 *passim*.

# MEMORANDUM OF POINTS AND AUTHORITIES

## I.

## THE DEFENDANTS' OPPOSITION SHOULD BE OVERRULED

The Opposition makes but one argument: that Plaintiff's causes of action (even though many are equitable) are time-barred. The Opposition cites <u>EDP Inves. Co., LLC</u>, 523 B.R. 680 (9th Cir. Bankr. 2015) to support the Defendants' proposition that three of the transfers made during 2009 which are sought to be recovered by the Plaintiff under Bankruptcy Code § 544(b) are time-barred by the statute of limitations set forth in Cal. Civ. Code § 3439.09.  However, the <u>EDP</u> case holds just the opposite and actually supports the Plaintiff's position. The trustee in that case, similar to the Plaintiff in this case, sued to recover fraudulent transfers under Bankruptcy Code § 544(b) and Cal. Civ. Code §§ 3439-3439.12, and the Court held at page 692 thereof that:

> "Accordingly, we hold that so long as a state-law fraudulent transfer claim exists on the petition date (or the date the order for relief is entered), *i.e*., the state's applicable repose period governing the action has not yet expired on the petition date …, the trustee may bring the avoidance action under § 544(b), provided it is filed within the limitations period in § 546(a). The 'reach back' period is established on the petition date … and encompasses all transfers within the relevant period provided by state law. In this case, Trustee should have been allowed to bring a claim for those transfers occurring within seven years prior to the petition date… Because Trustee timely filed his First Claim within the two years prescribed in § 546(a)(1)(A), recovery of these transfers was not time-barred."

In the present case, the Debtor's bankruptcy petition was filed on March 17, 2014.  The three transfers that the Opposition is addressing occurred during 2009, within five years of the petition date and well within the seven-year statute of limitations under Cal. Civ. Code § 3439.09(c), which was upheld by the Bankruptcy

Appellate Panel in the EDP case. The Plaintiff's complaint in the Adversary Proceeding below was filed during 2015, within the two years prescribed by Bankruptcy Code § 546(a)(1)(A). Accordingly, the Plaintiff's complaint to recover the transfers is not time-barred.

The Opposition also argues that the statute of limitations starts to run upon discovery of six elements of an avoidance claim but fails to cite authority for that proposition. The Defendants argue further that Wells Fargo, a creditor in this case, was on notice that the Debtor was insolvent and then concludes that Wells Fargo would have reasonably known the facts necessary to commence a fraudulent transfer action prior to the statute of limitations running out. However, the Opposition does not provide evidentiary proof to reach such a conclusion. It also do not cite authority for how that argument is even relevant at bar, especially in light of the fact that in the Debtor's Schedule F to his bankruptcy petition, the Debtor states that he owed non-priority unsecured debts as of the Petition Date to the following creditors (the "Four Scheduled Unsecured Claimants"):

  a. A 2006 loan from "Chase Commercial Loan Servicing" with a balance due and owing of $98,000 as of the Petition Date.

  b. A 3/1/2002 loan from "Green Tree" with a balance due and owing of $105,844 as of the Petition Date.

  c. A 6/1/2005 loan from "Lionmtgsv" with a balance due and owing of $153,340 as of the Petition Date.

  d. A 3/1/05 account owed to "THD/CBNA" with a balance due and owing of $52,244.00 as of the Petition Date.

The Debtor admits in his Schedule F that Lionmtgsv and THD/CBNA are undisputed unsecured creditors that are neither contingent nor unliquidated and that had claims that were incurred back in 2005 and still existed as of the Petition Date. Accordingly, there were actual, allowable, undisputed unsecured creditors that existed when the three transfers were made in 2009. Bankruptcy Code § 544(b)(1)

only requires that there be a creditor holding an allowable unsecured claim at the time of the transfers in order to afford the Plaintiff authority to seek the recovery of the fraudulent transfers. Therefore, the Plaintiff has satisfied that requirement.

## II.
## THE DEFENDANTS' SGDMF IS DEVOID OF ANY EVIDENTIARY BASIS

The Defendants have asserted in their SGDMF that the material cited by the Plaintiff to support his proposed undisputed facts cannot be presented in a form that would be admissible in evidence. However, other than making that *ipse dixit* contention, the Defendants have failed to cite supporting evidence or affidavits, nor make specific evidentiary objections. Cf. FRCP 56(c)(1)(A). The Plaintiff, on the other hand, has submitted substantial evidence which is sufficient to meet his burden of proof. The Defendants have not presented specific facts demonstrating that a genuine issue of material fact exists for trial. The Defendants have also failed to adequately address the Plaintiff's other relief sought, including substantive consolidation, an accounting, and avoidance of the 548(e) Transfers. Accordingly, the Plaintiff is entitled to judgment as a matter of law.

## III.
## CONCLUSION

The Plaintiff respectfully requests that the Motion be granted, the Transfers avoided and the three subject Properties be returned to the Trustee so that they can be administered for the benefit of the creditors of the Estate.

DATED: July 6, 2018

**LAW OFFICES OF WESLEY H. AVERY, APC**

By: /s/ Wesley H. Avery
Wesley H. Avery
Lucy Mavyan
Attorneys for Plaintiff John J. Menchaca,
Chapter 7 Bankruptcy Trustee

7

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is: 758 E. Colorado Blvd., Suite 210, Pasadena, CA 91101.

A true and correct copy of the foregoing document entitled (*specify*): **TRUSTEE PLAINTIFF'S REPLY TO THE OPPOSITION OF SOME OF THE DEFENDANTS TO THE TRUSTEE'S MOTION FOR SUMMARY JUDGMENT** was served in the manner stated below:

**SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) July 6, 2018, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

BY PERSONAL DELIVERY:

Honorable S. James Otero, United States District Judge, Courtroom 10C
350 W. 1st Street, Los Angeles, CA 90012

BY U.S. MAIL

| *Defendant* | *Attorney for Defendant* | *Attorney for Defendant* |
|---|---|---|
| John Christopher O'Connor<br>661 Porter Lane<br>Hermosa Beach, CA 90254 | William H. Brownstein<br>11755 Wilshire Blvd, Ste 1250<br>Los Angeles, CA 90025 | Robert S Altagen<br>1111 Corporate Ctr Dr #201<br>Monterey Park, CA 91754 |
| *Defendant*<br>John Christopher O'Connor, As Trustee of John Christopher O'Connor Declaration of Trust Dated January 20, 2004<br>661 Porter Lane<br>Hermosa Beach, CA 90254 | *Defendant*<br>Katherine L. O'Connor, as Trustee of the 2009 Three Children Irrevocable Trust.<br>661 Porter Lane<br>Hermosa Beach, CA 90254 | *Defendant*<br>Quinton Holdings, LLC<br>c/o Katherine L. O'Connor<br>661 Porter Lane<br>Hermosa Beach, CA 90254 |

BY E-MAIL:   **Robert Altagen** (rsaink@earthlink.net);
**William Brownstein** (Brownsteinlaw.bill@gmail.com)

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| 7/6/18 | Lucy A. Mavyan | /s/ Lucy A. Mavyan |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |