UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

Priority
Send
Enter
Closed
JS-5/JS-6
Scan Only

| | |
|---|---|
| **CASE NO.:** CV 16-01903-SJO (SP) | **DATE:** August 8, 2018 |
| | USBC Central District of California Los Angeles, 2:14-bk-15018-RN; 2:15-ap-01426-RN |
| **TITLE:** | In re John Christopher O'Connor |

===================================================================
**PRESENT:** THE HONORABLE S. JAMES OTERO, UNITED STATES DISTRICT JUDGE

Victor Paul Cruz
Courtroom Clerk

Not Present
Court Reporter

**COUNSEL PRESENT FOR PLAINTIFFS:**

Not Present

**COUNSEL PRESENT FOR DEFENDANTS:**

Not Present

===================================================================
**PROCEEDINGS (in chambers): ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT** [Docket No. 22]

This matter is before the Court on Plaintiff John J. Menchaca's ("Plaintiff") Motion for Summary Judgment ("Motion"), filed on May 17, 2018. Defendants Katherine L. O'Connor, both in her own capacity and as trustee of The 2009 Three Children Irrevocable Trust and Quinton Holdings LLC (collectively, "Defendants") opposed the Motion ("Opposition") on June 18, 2018. Plaintiff replied ("Reply") on July 6, 2018. The Court found this matter suitable for disposition without oral argument. *See* Fed. R. Civ. P. 78(b). For the following reasons, the Court **GRANTS** Plaintiff's Motion for Summary Judgment.

I.      FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff is the duly appointed and acting chapter 7 trustee for the bankruptcy estate ("Estate") of John Christopher O'Connor ("Debtor") in Case No. 2:14-bk-15018-RN (the "Bankruptcy Case"). (App. to Pl. Bankruptcy Trustee's Mot. to Withdraw the Reference of Adversary Proceeding, Exhibit B - Part I ("Complaint"), 1, ECF No. 3-1.) Debtor commenced the Bankruptcy Case by filing a chapter 7 voluntary petition ("Petition") on March 17, 2014 ("Petition Date"). Plaintiff was appointed trustee.

On August 10, 2015, Plaintiff initiated an adversary proceeding by filing a Complaint in the Central District of California Bankruptcy Court and asserting causes of action seeking: (1) to avoid transfers of properties made by Debtor to Defendants under 11 U.S.C. § 544(b) and California Civil Code § 3439.04(a)(1); (2) to avoid transfers of properties made by Debtor to Defendants under 11 U.S.C. 548(e)(1); (3) to recover avoided transfers or value thereof under 11 U.S.C. 550(a); (4) to establish conspiracy to defraud Plaintiff and creditors; (5) to impose a constructive trust against the subject properties and turnover of the properties and their profits to the Plaintiff; (6) to conduct an accounting; (7) declaratory judgment quieting title to the properties and finding that the properties belong to the Estate; (8) turnover of the properties, their books and records, their rent rolls, and their security and rent deposits; (9) injunctive relief; (10) permission to sell properties in which a non-debtor asserts an interest; and (11) substantive consolidation of the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

Priority _____
Send _____
Enter _____
Closed _____
JS-5/JS-6 _____
Scan Only _____

CASE NO.: <u>CV 16-01903-SJO (SP)</u>         DATE: <u>August 8, 2018</u>

Defendants with the Estate. (*See generally* Complaint.) On June 14, 2017, Plaintiff filed a Motion for Summary Judgment in the Bankruptcy Court. (*See* Mot. for Summ. J., Case No. 2:15-ap-01426-BR, ECF No. 53.) The Bankruptcy Court, finding that it "could only make proposed findings of fact and conclusions of law for the United States District Court to finally decide" transferred the action to this Court on August 11, 2017. (*See* Order Transferring Adversary Proceeding, 2, ECF No. 17.)

The following facts are either not genuinely in dispute or construed in the light most favorable to Defendants, the non-moving party. Debtor does business in the Central District of California and is the trustee, settlor, and beneficiary to a "revocable, self-settled trust" (hereafter "Revocable Trust") (Plaintiff's Statement of Uncontroverted Facts and Conclusions of Law ("SUF") ¶¶ 3-4, ECF No. 22-1.) The Revocable Trust was created on January 20, 2004, and contains spendthrift provisions stating "that no interest in the principal or income of any trust created under this instrument shall be anticipated, assigned, encumbered, or subject to creditor's claim or legal process, prior to its actual receipt by the beneficiary." (SUF ¶¶ 4-5.) Defendant Katherine L. O'Connor ("Katherine"), Debtor's spouse, also does business in the Central District of California and is listed as the trustee of The 2009 Three Children Irrevocable Trust ("2009 Trust") which was created on November 24, 2009 and lists the Debtor as a settlor and their three children as beneficiaries. (SUF ¶¶ 6-7.) Defendant Quinton Holdings, LLC ("Quinton") is a California limited liability company that is managed by Katherine and Debtor and both individuals utilize Quentin's bank account for various property expenses and rent payments from owned properties. (SUF ¶¶ 8-14.)

Defendants own a single family residence on 661 Porter Lane, Hermosa Beach, CA 90254 ("SFR"), a quadplex on 1746 W Avenue J15, Lancaster, CA 95354 ("Quadplex") and commercial building in the Eastern District of Tennessee on 2904 Knoxville Center Dr, Knoxville, TN 37924 ("Commercial Building") (SUF ¶¶ 15-17.) Additionally, Debtor and the Revocable Trust financed the purchase of a property on 2023, 2055, 2073, and 2089 E. Parkway Street, Hernando, Mississippi 38632 ("Apartments") by executing a Multi-Family Note in favor of LaSalle Bank, who later assigned the Deed of Trust to Wells Fargo Bank, as Trustee. (SUF ¶ 18.) Debtor and the Revocable Trust defaulted on the Note and failed to pay the accelerated full balance of the loan in a timely manner. (SUF ¶ 21.) In response, Wells Fargo foreclosed on the Apartments. (SUF ¶ 21.) The foreclosure bid was credited to the debt owed; after crediting the bid, Debtor and the Revocable Trust still had a balance of $469,536.92 in addition to other fees. (SUF ¶ 21.) Wells Fargo sued Debtor and the Revocable Trust on September 13, 2009 and a judgment was entered in favor of Wells Fargo in the amount of $514,847.74 on February 23, 2010. (SUF ¶ 22.) Debtor had answered Wells Fargo's complaint and failed to disclose the SFR, Quadplex, or Commercial Building or any rents from those properties. (SUF ¶ 25.) Debtor's bankruptcy petition scheduled unsecured claims of over $400,000 from four different creditors which were incurred prior to any transfers of the SFR, Quadplex, and Commercial Building and when combined with the Wells Fargo claim, these total debts exceeded $870,000. (SUF ¶¶ 25-26.)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

Priority _____
Send _____
Enter _____
Closed _____
JS-5/JS-6 _____
Scan Only _____

CASE NO.: <u>CV 16-01903-SJO (SP)</u>          DATE: <u>August 8, 2018</u>

Debtor lived at the SFR as of the Petition Date. (SUF ¶ 27.) Debtor originally purchased the SFR by a grant deed recorded on March 28, 2000. (SUF ¶ 28.) Debtor encumbered the SFR with loans in which Countrywide Home Loans, Inc. was the beneficiary totaling $564,076 and subsequently, Debtor transferred the SFR for no consideration to the Revocable Trust on or about February 17, 2004. (SUF ¶ 29.) On June 22, 2005, the Revocable Trust transferred the SFR for no consideration back to the Debtor. (SUF ¶ 30.) The same day, Reunion Mortgage, Inc. lent Debtor $750,000 which was secured by a first deed of trust on the SFR. (SUF ¶ 31.) Debtor has not paid back this loan and as of the Petition Date, owes Reunion Mortgage, Inc. a balance of $749,279.00. (SUF ¶ 32.) On or about the next day, Debtor transferred the SFR for no consideration back to the Revocable Trust. (SUF ¶ 33.) On or about August 16, 2005, the Revocable Trust transferred the SFR for no consideration back to the Debtor. (SUF ¶ 34.) On that same day, JP Morgan Chase Bank, N.A. lent Debtor up to $200,000 on home equity line of credit which was secured by a second deed of trust on the SFR. (SUF ¶ 35.) As of the Petition Date, the debt owed to JP Morgan Chase bank, N.A. remains unpaid. (SUF ¶ 36.) Once again on or about August 16, 2005, Debtor transferred the SFR for no consideration back to the Revocable Trust. (SUF ¶ 37.) The Revocable Trust transferred the SFR for no consideration to the 2009 Trust by quitclaim deed on or about December 1, 2009. (SUF ¶ 39.) Additionally, Katherine transferred her community interest in the SFR to the Debtor via quitclaim deed on October 16, 2009. (SUF ¶ 38.)

Debtor purchased the Quadplex on or about March 13, 2002. (SUF ¶ 40.) The purchase was secured by a deed of trust on the Quadplex in which the original beneficiary was United Pacific Mortgage, who later assigned the interest in the loan to Green Tree Servicing, LLC. (SUF ¶ 41.) As of the Petition Date, the loan had a balance of $105,844. (SUF ¶ 41.) Debtor transferred the Quadplex for no consideration to the Revocable Trust on or about February 17, 2004. (SUF ¶ 42.) On or about October 16, 2009, Debtor's transfer of the Quadplex for no consideration via quitclaim deed to Katherine was recorded. (SUF ¶ 44.) Katherine transferred the Quadplex for no consideration to Quinton recorded on or about October 27, 2009. (SUF ¶ 45.) The Revocable Trust quitclaimed its interest in the Quadplex to the 2009 Trust recorded on December 1, 2009. (SUF ¶ 46.) As of the Petition Date, the Debtor was the landlord of the Quadplex and in that role filed an unlawful detainer action resulting in a judgment for the Debtor. (SUF ¶ 47.)

Debtor purchased the Commercial Building on or about January 16, 2004. (SUF ¶ 48.) Debtor transferred the Commercial Building for no consideration to Katherine by a warranty deed recorded on or about October 19, 2009. (SUF ¶ 49.) Debtor subsequently transferred the Commercial Building to the 2009 Trust by quitclaim deed for no consideration recorded on or about November 30, 2009. (SUF ¶ 50.)

Debtor scheduled his unsecured, non-priority debt as $2,311,381.74 as of the Petition Date. (SUF ¶ 52.) During the time of the transfers and after, Debtor has not had sufficient income to meet his debts. (SUF ¶¶ 53-58.) The transfer properties represented "all or substantially all of the Debtor's

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES - GENERAL**

Priority
Send
Enter
Closed
JS-5/JS-6
Scan Only

CASE NO.: <u>CV 16-01903-SJO (SP)</u>　　　　　　DATE: <u>August 8, 2018</u>

non-exempt assets." (SUF ¶ 61.) Debtor still retained possession or control of the properties after the transfers were made. (SUF ¶ 69.) Because each transfer was made without reasonable consideration, Debtor did not receive a reasonable equivalent of their value and "did not generate the cash flow needed to pay" the debt incurred. (SUF ¶¶ 74, 77.)

II.　　　<u>LEGAL STANDARD</u>

Federal Rule of Civil Procedure 56(a) mandates that "[t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The moving party bears the initial burden of establishing the absence of a genuine issue of material fact. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). "When the party moving for summary judgment would bear the burden of proof at trial, it must come forward with evidence which would entitle it to a directed verdict if the evidence went uncontroverted at trial. In such a case, the moving party has the initial burden of establishing the absence of a genuine issue of fact on each issue material to its case." *C.A.R. Transp. Brokerage Co. v. Darden Rests., Inc.*, 213 F.3d 474, 480 (9th Cir. 2000) (citations and internal quotation marks omitted). In contrast, when the nonmoving party bears the burden of proving the claim or defense, the moving party does not need to produce any evidence or prove the absence of a genuine issue of material fact. *See Celotex*, 477 U.S. at 325. Rather, the moving party's initial burden "may be discharged by 'showing'--that is, pointing out to the district court--that there is an absence of evidence to support the nonmoving party's case." *Id.* "Summary judgment for a defendant is appropriate when the plaintiff 'fails to make a showing sufficient to establish the existence of an element essential to [his] case, and on which [he] will bear the burden of proof at trial.'" *Cleveland v. Policy Mgmt. Sys. Corp.*, 526 U.S. 795, 805-06 (1999) (quoting *Celotex*, 477 U.S. at 322).

Once the moving party meets its initial burden, the "party asserting that a fact cannot be or is genuinely disputed must support the assertion." Fed. R. Civ. P. 56(c)(1). "The mere existence of a scintilla of evidence in support of the [nonmoving party]'s position will be insufficient; there must be evidence on which the jury could reasonably find for the [nonmoving party]." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986); *accord Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986) ("[O]pponent must do more than simply show that there is some metaphysical doubt as to the material facts."). Further, "[o]nly disputes over facts that might affect the outcome of the suit . . . will properly preclude the entry of summary judgment [and f]actual disputes that are irrelevant or unnecessary will not be counted." *Liberty Lobby*, 477 U.S. at 248. At the summary judgment stage, a court does not make credibility determinations or weigh conflicting evidence. *See id.* at 249. A court is required to draw all inferences in a light most favorable to the nonmoving party. *Matsushita*, 475 U.S. at 587.

////
////

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

Priority
Send
Enter
Closed
JS-5/JS-6
Scan Only

CASE NO.: **CV 16-01903-SJO (SP)**          DATE: **August 8, 2018**

III. DISCUSSION

As a preliminary matter, the facts referenced in this analysis are derived from Plaintiff's Proposed Statement of Uncontroverted Facts and Conclusions of Law.  Defendants submitted a Statement of Genuine Issues but only argued that Plaintiff's claims are time-barred by the applicable statute of limitations and that material cited by the Plaintiff in support of its SUF cannot be presented in a form that would be admissible in evidence pursuant to Federal Rule of Civil Procedure 56(c)(2).[1] (SGI 3-8.)  The Court will evaluate Defendants' statute of limitations argument below.  Plaintiff's Motion seeks summary judgment to: (1) avoid Debtor transfers under 11 U.S.C. § 544(b); (2) avoid Debtor transfers under 11 U.S.C. § 548(e); (3) recover the subject properties under 11 U.S.C. § 550(a); (4) substantially consolidate Defendants with Debtor; (5) an accounting from Defendants. (*See generally* Mot.)  The Court analyzes each of these claims in turn.

   1. Avoidance of Transfers of Properties Made by Debtor to Defendants under 11 U.S.C. § 544(b)

A "trustee may avoid any transfer of an interest of the debtor in property or any obligation incurred by the debtor that is voidable under applicable law by a creditor holding an unsecured claim that is allowable under section 502 of this title." 11 U.S.C. § 544(b)(1).  For the purposes of this federal statute, state law sufficiently operates as an applicable law.  *In re Turner*, 335 B.R. 140, 145 (Bankr. N.D. Cal. 2005).  Under California law, a debtor transfer is voidable as to a creditor, "whether the creditor's claim arose before or after the transfer was made or the obligation was incurred, if the debtor made the transfer . . . [w]ith actual intent to hinder, delay, or defraud any creditor of the debtor." Cal. Civ. Code § 3439.04(a)(1).  This California cause of action is subject to a statute of limitations of "not later than four years after the transfer was made or the obligation was incurred or, if later, not later than one year after the transfer or obligation could reasonably have been discovered by the claimant." Cal. Civ. Code § 3439.09(a).  "A creditor . . . has the burden of proving the elements of the claim for relief by a preponderance of the evidence." Cal. Civ. Code § 3439.04(c).  Notwithstanding this statute of limitations, any claim under § 3439.04(a)(1) "is extinguished if no action is brought . . . within seven years after the transfer was made." Cal. Civ. Code § 3439.09(c).

---

[1] The Court disagrees with Defendants' admissibility argument, as the SUF is indeed supported by evidence. (*See* Defendants' Statement of Genuine Issues ("SGI"), 4-8, ECF No. 30.)  Defendants do not explain why any of the evidence presented in support of Plaintiff's fact statement is inadmissible. (SGI, 4-8.)  Defendants' blanket assertion of inadmissibility is unsupported by law and Defendants do not specifically dispute any fact as presented; thus, the Court finds that Defendants have not raised a genuine issue of material fact with regard to any of the facts asserted by Plaintiff.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

Priority
Send
Enter
Closed
JS-5/JS-6
Scan Only

CASE NO.: <u>CV 16-01903-SJO (SP)</u>           DATE: <u>August 8, 2018</u>

Plaintiff seeks to avoid various property transfers involving the SFR, Quadplex, and the Commercial Building all occurring in 2009 (specifically the December 1, 2009 SFR, the October 16, 2009 Quadplex, and the October 19, 2009 Commercial Building transfers). (Compl. ¶ 59.) Plaintiff contends that the transfers were all executed with an intent to defraud creditors and are not extinguished because they occurred within seven years of the Petition Date. (Compl. ¶ 56.) The Court agrees. Each of these transactions involved transferring a property from either the Debtor or the Revocable Trust, in which the Debtor is the trustee, settlor, and beneficiary, to Katherine or the 2009 Trust for no consideration. The timing of each of these transactions coincides with the filing of the Wells Fargo complaint concerning Debtor's remaining debt after defaulting on a loan for the Apartments. It is revealing that Defendants have offered no evidence or argument refuting that these transactions were executed as part of a scheme by Debtor to continue to manage the properties, collect rent from them, and maintain possession despite the unsecured debt incurred and still outstanding not only from the Apartments but from four other creditors (Chase Commercial Loan Servicing, Green Tree, Lionmtgsv, and THD/CBNA).

Plaintiff offers sufficient undisputed facts satisfying several of the factors given consideration in determining actual intent to defraud such as: whether the transfer was to an insider, whether Debtor retained possession or control of the transferred property, and whether the debtor had been sued before the transfer was made. Cal. Civ. Code § 3439.04(b). Because Plaintiff satisfies their burden of proving Debtor sought to defraud the creditors through these transfers and there are at the very least, five creditors who have unsecured claims under 11 U.S.C. § 502, the transfers are voidable under California law and Plaintiff may avoid them.

Defendants limit their opposing argument to a reliance on the statute of limitations for the applicable California law. (SGI, 2-3; *See generally* Opp'n.) Defendants contend that the statute of limitations for creditors to void a debtor's fraudulent transfers had expired by the time of the Petition Date because creditor Wells Fargo "would have reasonably known the facts necessary to commence a fraudulent transfer" claim as of November 24, 2009. (Opp'n 3-4.) Moreover, Defendants argue that the Petition Date, March 17, 2014, is more than four years after November 24, 2009 and therefore, the statute of limitations for voiding the transfers under California law had expired. (Opp'n 4.) Defendants support their argument by referring to case law holding that "so long as the state-law fraudulent transfer claim exists on the petition date (or the order for relief date), the state statutes of limitations cease to have any continued effect." *In re EPD Inv. Co., LLC*, 523 B.R. 680, 686 (Bankr. 9th Cir. 2015.) In essence, Defendants rely on the theory that because the statute of limitations expired with regard to creditor Wells Fargo, the fraudulent transfer claim no longer exists under California law and by extension federal law.

The Court disagrees. Without delving into the merits of whether the statute of limitations had expired with regard to Wells Fargo, Defendants fail to establish that there is no creditor capable of bringing an action voiding the transfers under California law. Defendants focus on the merits of Wells Fargo but neglect to address the other creditors holding unsecured claims against Debtor.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

Priority
Send
Enter
Closed
JS-5/JS-6
Scan Only

CASE NO.: <u>CV 16-01903-SJO (SP)</u>　　　　　　DATE: <u>August 8, 2018</u>

The plain language of both California law and federal law establish that only **a** creditor with an unsecured claim is necessary to initiate an action to avoid a transfer. 11 U.S.C. § 544(b)(1); Cal. Civ. Code § 3439.04 (emphasis added). Even if the Court were inclined to agree with Defendants' argument with regard to Wells Fargo, there are still, at the very least, four creditors with unsecured claims arising before the transfer who may seek to avoid the transfers. The transfers in question all occurred in 2009 and the Petition Date firmly falls within the absolute statute of repose of seven years set by California law.

For these reasons, the Court **GRANTS** summary judgment pertaining to Plaintiff's first claim to avoid these transfers.

  2. <u>Avoidance of Transfers of Properties Made by Debtor to Defendants under 11 U.S.C. § 548(e)</u>

A "trustee may avoid any transfer of an interest of the debtor in property that was made on or within 10 years before the date of the filing of the petition, if: (a) such transfer was made to a self-settled trust or similar device; (b) such transfer was by the debtor; (c) the debtor is a beneficiary of such trust or similar device; and (d) the debtor made such transfer with actual intent to hinder, delay, or defraud any entity to which the debtor was or became, on or after the date that such transfer was made, indebted." 11 U.S.C. § 548(e)(1). A self-settled trust is a trust in which the debtor is both the settlor and a beneficiary of the trust. *In re Cuter*, 398 B.R. 6, 20 (Bankr. 9th Cir. 2008).

Plaintiff alleges that four transfers satisfy each of these elements: the August 16, 2005 SFR, October 16, 2009 Quadplex, October 19, 2009 Commercial Building, and November 30, 2009 Commercial Building transfers. (Compl. ¶¶ 43, 58-60.) The Court agrees only with regard to the August 16, 2005 SFR transfer of the property from Debtor to the Revocable Trust. The Revocable Trust is a self-settled trust because Debtor is the settlor and beneficiary of the device. (SUF ¶¶ 3-5.) This transfer was also made with fraudulent intent. The SUF demonstrates that this transfer was the second one of the day between the Revocable Trust and Debtor and coincided with Debtor obtaining a loan from JP Morgan Chase Bank, N.A. for up to $200,000 on home equity line of credit secured by a second deed of trust on the SFR. (SUF ¶¶ 34-37.) This loan remains unpaid. (SUF ¶ 36.) It appears clear the transfer was made with the objective of securing this loan and has the hallmarks of an attempt to defraud a creditor. *See* Cal. Civ. Code § 3439.04(b). Thus, the elements of 11 U.S.C. § 548(e)(1) are satisfied with regard to the August 16, 2005 SFR transfer.

The Court does not agree that the remaining 2009 transfers may be avoided under 11 U.S.C. § 548(e)(1) because each transfer was not made to a "self-settled trust or similar device." These transactions transfer the subject properties from Debtor to his spouse, Katherine, or the 2009 Trust. For section 548(e)(1) to apply, it is at the very least necessary for Debtor to be a beneficiary of the device. Debtor is not a beneficiary to either of the devices receiving the transfer.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

Priority
Send
Enter
Closed
JS-5/JS-6
Scan Only

| CASE NO.: | CV 16-01903-SJO (SP) | DATE: | August 8, 2018 |

Thus, these transfers may not be avoided.

For these reasons, the Court **GRANTS IN PART** and **DENIES IN PART** summary judgment pertaining to Plaintiff's second claim to avoid these transfers.

    3.    <u>Recovery of Avoided Transfer or Value Thereof under 11 U.S.C. § 550(a).</u>

If a transfer is avoided under 11 U.S.C. §§ 544 or 548, "the trustee may recover, for the benefit of the estate, the property transferred, or, if the court so orders, the value of such property, from – (1) the initial transferee of such transfer or the entity for whose benefit such transfer was made; or (2) any immediate or mediate transferee of such initial transferee." 11 U.S.C. § 550(a). A trustee cannot recover from immediate or mediate transferees if those transferees have taken the property in question "for value", "in good faith, and without knowledge of the voidability of the transfer avoided." 11 U.S.C. § 550(b)(1). "The trustee is entitled to only a single satisfaction under subsection (a) of this section." 11 U.S.C. § 550(d).

Here, because the Court has found that three transfers under § 544 and one transfer under § 548 may be avoided, Plaintiff may recover the properties transferred - the SFR, Quadplex, and Commercial Building. These properties may be recovered from the initial transferee in each of the transactions. Additionally, there is no limitation on Plaintiff's recovery from immediate or mediate transferees. The limitation does not apply to the December 1, 2009 transfers of the SFR and the Quadplex from the Revocable Trust to the 2009 Trust because these transfers may be avoided under § 544 and there are no subsequent transfers of the properties. Additionally, the October 19, 2009 Commercial Building transfer from Debtor to Katherine may be avoided under § 544 and the subsequent transfer on November 30, 2009, though not avoidable under § 548, does not serve as an impediment to Plaintiff's recovery because the transferee, the 2009 Trust, did not take the property for any value. (SUF ¶ 50.) Similar reasoning may be applied to the quitclaim deed of the SFR from Katherine to Debtor occurring after the avoidable § 548 transfer of the SFR as the quitclaim was for no consideration. (SUF ¶ 38.) Although multiple transfers for the SFR property may be avoided, Plaintiff is limited to a single satisfaction for the property under § 550.

For these reasons, the Court **GRANTS** summary judgment for recovery of the properties of an avoided transfer.

    4.    <u>Substantial Consolidation of Defendants with Debtor</u>

Plaintiff further requests this Court substantially consolidate "the assets and liabilities of the Defendants with those of the Debtor." (Compl. ¶ 92.) Federal law provides that "[t]he court may issue any order, process, or judgment that is necessary or appropriate to carry out the provision of [the bankruptcy] title." 11 U.S.C. § 105(a). In determining whether the court should wield this power to substantially consolidate, the Ninth Circuit has used a two factor test: "(1) whether creditors dealt with the entities as a single economic unit and did not rely on their separate identity

**UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES - GENERAL**

Priority \_\_\_\_\_
Send \_\_\_\_\_
Enter \_\_\_\_\_
Closed \_\_\_\_\_
JS-5/JS-6 \_\_\_\_\_
Scan Only \_\_\_\_\_

CASE NO.:  <u>CV 16-01903-SJO (SP)</u>         DATE: <u>August 8, 2018</u>

in extending credit; or (2) whether the affairs of the debtor are so entangled that consolidation will benefit all creditors." *In re Bonham*, 229 F.3d 750, 766 (9th Cir. 2000) (citation omitted). In assessing the second factor, consolidation "is justified only where the time and expense necessary even to attempt to unscramble them [the entanglements] is so substantial as to threaten the realization of any net assets for all the creditors or where no accurate identification and allocation of assets is possible." *Id*. (internal quotation and citation omitted).

Here, the Court finds the affairs of Debtor are so entangled that it would benefit creditors to have the Defendants substantially consolidated with Debtor. The Defendants are comprised of Katherine in her own capacity, Katherine as the trustee of the 2009 Trust, Quinton Holdings LLC as a company managed by Katherine and Debtor, and Debtor in his capacity as trustee of the Revocable Trust. Each defendant is an insider of Debtor. These entities and their interaction with the subject properties and the debt owed to creditors make up an elaborate web of transactions that would require much time for creditors to sift through. Consolidating these related entities with Debtor and simplifying this intricate web would undoubtedly benefit all creditors and alleviate any threat that creditors would not realize net assets. Therefore, the Court **GRANTS** Plaintiff's motion for summary judgment for this claim and substantively consolidates Defendants with Debtor.

    5.    <u>Accounting of Defendants</u>

Plaintiff requests the Court to order Defendants to "turn over to Plaintiff any income and other financial benefit they have received" from the subject properties Plaintiff seeks to possess as part of the Estate. (Mot. 9-10.) Plaintiff argues that as the trustee for the Estate and thus the rightful owner of the properties it "is entitled to be paid by the Defendants any net rental and other income" received as a result of their "wrongful possession." (Mot. 9.) The Court agrees. Defendants acted in concert to prevent creditors from accessing the properties and, through transfers, managed to preserve Debtor's wrongful possession of the properties. (SUF ¶ 69.) Plaintiff, as the trustee of the Estate, is entitled to possession of the properties. The Court may, in equity, dictate Defendants pay any rental income or financial benefit received from the wrongful possession, which may require an accounting. Therefore, the Court **GRANTS** summary judgment on the claim for accounting.

IV.    <u>RULING</u>

For the foregoing reasons, the Court **GRANTS IN PART** and **DENIES IN PART** Plaintiff John J. Menchaca's Motion for Summary Judgment**.**  Plaintiff shall lodge a proposed judgment within seven (7) days of the date of this order.

IT IS SO ORDERED.

cc: Bankruptcy Court