**FILED**
CLERK, U.S. DISTRICT COURT

August 23, 2018

CENTRAL DISTRICT OF CALIFORNIA
BY: ___VPC___ DEPUTY

1 | Wesley H. Avery, Esq. CLS-B (SBN 155724)
2 | Lucy Mavyan, Esq. (SBN 260811)
   | **LAW OFFICES OF WESLEY H. AVERY, APC**
3 | 758 E. Colorado Blvd., Ste. 210                                       JS-6
4 | Pasadena, CA 91102-2105
   | Telephone No. (323) 724-3117
5 | FAX No. (323) 724-5410
6 | Attorney for Plaintiff Attorney for John J. Menchaca, Chapter 7 Trustee

7 | **UNITED STATES DISTRICT COURT**

8 | **CENTRAL DISTRICT OF CALIFORNIA, LOS ANGELES DIVISION**

9 |

10 | In re                                          | Case No. 2:16-CV-01903-SJO
11 | JOHN CHRISTOPHER O'CONNOR,                      | Bankr. Case No. 2:14-bk-15018-BR
    | an individual,                                 | Chapter 7
12 |                                                 | Bankr. Adv. No. 2:15-ap-01426-BR
13 |         Debtor.
    |                                                 | **[Proposed] ORDER ON SUMMARY**
14 | SSN / ITIN: xxx-xx-8785                         | **JUDGMENT [Fed. R. Civ. P. 56 and**
    |                                                 | **LBR 7056-1]**
15 |
16 | JOHN J. MENCHACA, Chapter 7
    | Trustee of John Christopher O'Connor,
17 |                                                 | Date: [None set]
    |         Plaintiff,                             | Time: [None set]
18 |                                                 | Place: U.S. Courthouse
    | v.                                             |        Courtroom 10C
19 |                                                 |        350 W. 1st Street
    | KATHERINE L. O'CONNOR, an                      |        Los Angeles, CA 90012
20 | individual; JOHN CHRISTOPHER
    | O'CONNOR, AS TRUSTEE OF THE
21 | JOHN CHRISTOPHER O'CONNOR
    | DECLARATION OF TRUST DATED
22 | JANUARY 20, 2004; KATHERINE L.
    | O'CONNOR, AS TRUSTEE OF THE
23 | 2009 THREE CHILDREN
    | IRREVOCABLE TRUST; QUINTON
24 | HOLDINGS, LLC, A CALIFORNIA
    | LIMITED LIABILITY COMPANY;
25 | and Does 1-20,
26 |
27 |         Defendants.
28 |

**IN SAID DISTRICT, AT LOS ANGELES, CALIFORNIA, ON THE DATE ASCRIBED BELOW:**

The motion (the "Motion") for the issuance of summary judgment or, in the alternative, summary adjudication of issues, filed by John J. Menchaca, the duly appointed and acting chapter 7 trustee (the "Trustee") of the bankruptcy estate (the "Estate") of John Christopher O'Connor, an individual (the "Debtor") in Bankr. Case No. 2:14-bk-15018-RN (the "Bankruptcy Case"), against the following defendants (collectively, the "Defendants") (i) Katherine L. O'Connor, an individual ("Katherine"), (ii) John Christopher O'Connor, as Trustee of the John Christopher O'Connor Declaration of Trust Dated January 20, 2004 (the "Revocable Trust"), (iii) Katherine L. O'Connor , as Trustee of the 2009 Three Children Irrevocable Trust (the "2009 Trust"), and (iv) Quinton Holdings, LLC, a California Limited Liability Company (the "LLC") in Case No. 2:16-CV-01903-SJO (the "District Court Case") has been considered by the Court. The District Court Case concerns a complaint filed on August 10, 2015 in Bankr. Adv. No. 2:15-ap-01426-BR (the "Adversary Proceeding") that was removed to this Court. The District Court Case concerns the following three (3) parcels of improved real property (collectively, the "PROPERTIES"):

(1) That single family residence commonly known as 661 Porter Lane, Hermosa Beach, Los Angeles County, State of California, 90254-2257, bearing Los Angeles County APN 4169-037-031 (the "SFR"). The SFR is assessed as an improvement of 1,200φ built in 1957 on a 4,686φ parcel. The legal description of the SFR is as follows:

REAL PROPERTY IN THE CITY OF HERMOSA BEACH, COUNTY OF LOS ANGELES, STATE OF CALIFORNIA, DESCRIBED AS FOLLOWS:

THAT PORTION OF LOT A OF TRACT 1594, IN THE CITY OF HERMOSA BEACH, AS PER MAP RECORDED IN BOOK 22 PAGE 16 OF MAPS, IN THE OFFICE OF THE COUNTY RECORDER OF SAID COUNTY, LYING SOUTHWESTERLY OF THE SOUTHWESTERLY LINE OF GOULD AVENUE, 100 FEET WIDE, AS DESCRIBED IN THE DEED TO THE CITY OF HERMOSA BEACH RECORDED IN BOOK 14539 PAGE 182, OFFICIAL RECORDS OF SAID COUNTY, AND SOUTHEASTERLY OF A LINE PARALLEL WITH AND DISTANT SOUTHEASTERLY 275.92 FEET, MEASURED AT RIGHT ANGLES, FROM THE SOUTHWESTERLY PROLONGATION OF THE SOUTHEASTERLY LINE OF LOT 1, OF TRACT 12554, AS PER MAP RECORDED IN BOOK 235 PAGE 4 OF MAPS, IN THE OFFICE OF THE COUNTY RECORDER OF SAID COUNTY.

EXCEPT THEREFROM SAID LAND THE NORTHWESTERLY 85 FEET, MEASURED AT RIGHT ANGLES.  ALSO EXCEPT THEREFROM THAT PORTION OF DESCRIBED AS FOLLOWS: BEGINNING AT THE SOUTHEASTERLY CORNER OF SAID LOT A; THENCE NORTH 89° 47' 30" WEST 162.03 FEET ALONG THE SOUTHERLY LINE OF SAID LOT TO A POINT DESIGNATED AS "A" FOR THE PURPOSES OF THIS DESCRIPTION; THENCE CONTINUING NORTH 89° 47' 30" WEST ALONG SAID SOUTHERLY LINE 51.06 FEET; THENCE NORTH 28° 24' 15" EAST 37.53 FEET TO THE BEGINNING OF A TANGENT CURVE CONCAVE WESTERLY AND HAVING A RADIUS OF 5 FEET; THENCE NORTHERLY AND NORTHWESTERLY ALONG SAID CURVE 7.85 FEET TO A POINT IN THE SOUTHWESTERLY LINE OF GOULD AVENUE, DESCRIBED IN A DEED RECORDED IN BOOK 14539 PAGE 182, OFFICIAL RECORDS OF SAID COUNTY; THENCE SOUTH 61° 35' 45" EAST 32.28 FEET ALONG SAID SOUTHERLY LINE OF GOULD AVENUE TO THE BEGINNING OF A TANGENT CURVE IN SAID SOUTHWESTERLY LINE CONCAVE NORTHERLY AND HAVING A RADIUS OF 1050 FEET; THENCE EASTERLY ALONG SAID CURVE THROUGH AN ANGLE OF 1° 14' 03" A DISTANCE OF 22.62 FEET TO A POINT IN A CURVE CONCAVE SOUTHERLY AND HAVING A RADIUS OF 5 FEET, A RADIAL LINE OF SAID CURVE TO SAID POINT BEARING SOUTH 27° 10' 27" WEST, SAID LAST MENTIONED POINT BEING THE TRUE POINT OF BEGINNING; THENCE WESTERLY AND

SOUTHWESTERLY ALONG SAID CURVE, 7.75 FEET; THENCE SOUTH 28° 24' 15" WEST 13.65 FEET TO SAID POINT "A"; THENCE SOUTH 89° 47' 30" EAST ALONG SAID SOUTHERLY LINE OF LOT A TO THE INTERSECTION OF SAID LAST MENTIONED SOUTHERLY LINE OF LOT A TO THE INTERSECTION OF SAID LAST MENTIONED SOUTHERLY LINE WITH SAID SOUTHWESTERLY LINE OF GOULD AVENUE; THENCE WESTERLY ALONG SAID SOUTHWESTERLY LINE TO THE GOULD AVENUE TO THE TRUE POINT OF BEGINNING.

(2) That quadplex commonly known as 1746 W Avenue J15, Lancaster, Los Angeles County, State of California, 93534-4749 bearing Los Angeles County APN 3129-020-017 (the "QUADPLEX"). The QUADPLEX is an improvement of 4,620ϕ built in 1983 on a 10,444ϕ parcel. The legal description of the Quadplex is as follows:

THE FOLLOWING REAL PROPERTY IN THE CITY OF LANCASTER, COUNTY OF LOS ANGELES, STATE OF CALIFORNIA:  LOT 17 OF TRACT 24776, AS PER MAP RECORDED IN BOOK 754, PAGES 5 AND 6 OF MAPS, RECORDS OF LOS ANGELES COUNTY, STATE OF CALIFORNIA.

(3) That commercial building commonly known as 2904 Knoxville Center Dr, Knoxville, Knox County, State of Tennessee, 37924 bearing Knox County Parcel ID 059LB-004 (the "COMMERCIAL BUILDING" or "Commercial Building") (the SFR, the QUADPLEX and the COMMERCIAL BUILDING shall be collectively referred to as the "PROPERTIES").  The COMMERCIAL BUILDING is a single story improvement of 15,492ϕ that was built in 1994.  The legal description of the Commercial Building is as follows:

SITUATED in District No.7 of Knox County, Tennessee, within the 33rd Ward of the City of Knoxville, Tennessee, and being known and designated as Reserve Tract 4Rl of the Subdivision of Reserve Tract 4,

as shown by map of record in Map Cabinet N. Slide 161D, in the Knox County Register's Office, and being more particularly bounded and Described as follows:

COMMENCING at a concrete highway monument being the western right-of way line of Mall Entrance Road (Humphrey Road) and the northern right-of-way of Mall Road North; thence with the northern right-of-way of Mall Road North, North 81 deg. 28 min. 00 sec. West a distance of 281.02 feet to an iron rod (new); thence North 81 deg. 39 min. 00 sec. West a distance of 69.76 feet to an iron rod (new) being the point of BEGINNING; thence continuing with the said northern right-of-way of Mall Road North, North 81 deg. 39 min. 00 sec. West a distance of 140.00 feet to an iron rod (new); thence leaving the said Mall Road North with a new line crossing the property of Simon Property Group, L.P., the following five calls: North 08 deg. 21 min. 05 sec. East, a distance of 285.84 feet to an iron rod (new); thence with a curve to the left, a radius of 4605.00 feet, arc length of 160.00 feet, and a chord bearing of South 82 deg. 38 min. 38 sec. East a distance of 159.99 feet to an iron rod (new); thence South 02 deg. 32 min. 49 sec. West a distance of 120.27 feet to an iron rod (new); thence South 66 deg. 32 min. 49 sec. West a distance of 45.00 feet to an iron rod (new); thence South 05 deg. 56 min. 30 sec. West a distance of 145.38 feet to the point of BEGINNING, containing 0.989 acres, more or less, and being a part of Tax Parcel 26.02, Tax Map 59, and being a part of Reserve Tract 4 described in Deed Book 1809, page 399, and more fully shown on map titled "Final Plat of Subdivision of Reserve Tract 4" as recorded in the Knox County Register of Deeds in Plat Cabinet N, Slide 161D, prepared by John R. Mize, RLS No.891, of Alley and Associates, Inc., Kingsport, Tennessee, dated February 24, 1994, and as shown on survey of John R. Mize dated June 3, 1994, last revised September 19, 1994, bearing File No. A94-2837.

BEING the same property conveyed to CNL funding 200l-A, LP, by deed from Randon Property Holding Company, LLC, dated June 13,2003, and recorded in Instrument #200306130115834, in the Knox County Register's Office.

Pursuant to an order entered on August 8, 2018 in the District Court Case, the Court found that there is no triable issue of material fact with regard to Plaintiff's

claims against the Defendants for the avoidance of transfers and the recovery of the PROPERTIES on behalf of the Estate, as well as Plaintiff's claim against the Defendants for an accounting (the "Accounting") of any monies received by the Defendants on account of the PROPERTIES. **WHEREFORE**, and with good cause appearing, it is hereby

**ORDERED, ADJUGED AND DECREED** that the Motion is granted in part and denied in part; and it is further

**ORDERED, ADJUGED AND DECREED** that the Findings of Fact and Conclusions of Law lodged separately herein are approved; and it is further

**ORDERED, ADJUGED AND DECREED** that summary judgment is awarded to the Plaintiff on the first, third, sixth, eighth and eleventh causes of action averred in the Complaint; and it is further

**ORDERED, ADJUGED AND DECREED** that the fourth, fifth, seventh, ninth and tenth causes of action averred in the Complaint are dismissed with the consent of the Plaintiff; and it is further

**ORDERED, ADJUGED AND DECREED** that summary judgment is awarded to the Plaintiff on the second cause of action averred in the Complaint only as to the August 16, 2005 transfer of the SFR from the Debtor to the Revocable Trust (the "8/16/05 SFR Transfer"), and the second cause of action is otherwise dismissed with the consent of the Plaintiff; and it is further

**ORDERED, ADJUGED AND DECREED** that the Transfers of the PROPERTIES from the Debtor to the Defendants is avoided pursuant to Section 544(b) and Cal. Civ. Code §§ 3439.04(a)(1) and 3439.07-09; and it is further

**ORDERED, ADJUGED AND DECREED** that the 8/16/05 Transfer of the SFR from the Debtor to the Revocable Trust is avoided pursuant to Section 548(e); and it is further

**ORDERED, ADJUGED AND DECREED** that title in fee simple to the

1 PROPERTIES is awarded to, recovered by and quieted to the Trustee; and it is
2 further

3     **ORDERED, ADJUGED AND DECREED** that the PROPERTIES are
4 recovered by the Estate pursuant to Section 550(a), and shall be turned over to the
5 Plaintiff by the Defendants within 21 days of the entry of this Judgment pursuant to
6 Section 542.

7     **ORDERED, ADJUGED AND DECREED** that the Defendants shall render
8 the Accounting to the Plaintiff within 30 days of the entry of this Judgment.

9     **IT IS SO ORDERED**.

10
11 DATED: _____    8/23/18

12
13
14    _____
15    The Honorable S. James Otero
16    United States District Court
       Central District of California
17
18
19
20
21
22
23
24
25
26
27
28